IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REVEREND WESLEY CARROLL III; )
The MINOR CHILDREN OF REVEREND )
Wesley Carroll; LAURA CARROLL and )
LISA CARROLL; )
)
           Plaintiffs )
)
   vs. )   Civil Action No. 08-1417
)   Judge Arthur J. Schwab/
JEFFREY A. MANNING, Corrupt County )   Magistrate Judge Amy Reynolds Hay
Judge, Court of Common Pleas of Allegheny)
County; Corrupt City of Pittsburgh )
Magistrate, MOIRA HARRINGTON; and )
Corrupt City of Pittsburgh Cop, RONALD )
NAGY, )
)
           Defendants )   Re: Dkt. [1]

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that pursuant either to the Prison Litigation Reform Act, or pursuant to Rule 4 of the Rules Governing Section 2254 petitions, and/or pursuant to the Court's inherent power, the instant case be dismissed pre-service.

### REPORT

Wesley Carroll ("Plaintiff"), has a lengthy criminal history, including convictions for homicide from 1977, and a 2005 conviction for, *inter alia*, involuntary deviate sexual intercourse based on events occurring in 2003.[1]  Plaintiff is currently incarcerated in the State Corrections

---

[1] See the dockets of the Court of Common Pleas in <u>Commonwealth v. Carroll</u>, No. CP-02-CR-00141437-2003 (this is the ISDI conviction) available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=79767459&arch=0&ST=1/20/2008%2011:15:48%20AM

Institution at Waymart ("SCI-Waymart"). He has brought many, many suits that have been dismissed.² He is a frequent filer and his complaints are not always comprehensible.

Instantly, he alone has signed the current filing which is captioned as an "Emergency Motion for Bail Pending Appeal."³ It is not entirely clear whether he is filing this as a civil rights action, given that he named a former State District Magistrate and a police officer and included

---

See also Commonwealth v. Carroll, No. CP-02-CR-0005975-1977 (homicide conviction) available at:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=80172317&arch=1&ST=1/20/2008%2011:17:24%20AM

² A quick search on Pacer for prisoner cases under "Carroll, Wes" yields 30 cases. A similar search of appellate dockets reveals at least nine appellate court cases. A quick search on Pacer for prisoner cases under "Carroll, Rev" yields another 19 cases. Plaintiff styles himself as a "reverend." A search of appellate dockets of the Third Circuit for "Carroll ###GE-8666" which is the Third Circuit Court's way of indicating a litigant is three struck, reveals that Plaintiff filed about 34 appellate cases therein.

³ To the extent that Mr. Carroll purports to act pro se on behalf of his minor children, he may not do so but must retain an attorney to represent them. Osei-Afriyie by Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876 (3d Cir. 1991); Woodruff ex rel. B.W. v. Hamilton Tp. Public Schools, NO. CIV.A. 06-3815, 2007 WL 4556968 (D.N.J. Dec. 20, 2007). Hence, the minor children cannot pursue this action without an attorney and must be dismissed as party plaintiffs until and unless they are represented by an attorney. To the extent that the filing purports to be filed on behalf of Laura and Lisa Carroll, they have not signed the filing and hence, the filing cannot be considered to be theirs and they are struck as party plaintiffs until and unless they sign such pleadings. Schering Corp. v. Vitarine Pharmaceuticals, Inc., 889 F.2d 490, 495-96 (3d Cir. 1989)("The analogy of Rule 11 sanctions to contempt proceedings is apt. Both are designed to deter misbehavior before the Court. See Fed.R.Civ.P. 11 , advisory committee's note ('Since its original promulgation, Rule 11 has provided for the striking of pleadings and imposition of disciplinary sanctions to check abuses in the signing of pleadings')."). Even if they signed the pleading, such would not prevent pre service dismissal. To the extent that this is properly considered a habeas petition, seeking release on bail, there is no allegation that Laura and Lisa are in custody. To the extent that this is a civil rights action, the two judicial defendants are absolutely immune and as to the police officer defendant, there are no allegations of any personal involvement by him in violating the rights of Laura and Lisa. Accordingly, the pleading would be dismissible as to Laura and Lisa in any event.

allegations against them which have no apparent connection to Petitioner obtaining bail and given some other allegations and verbiage in his filing. To the extent that this is properly construed as a civil rights action, the complaint should be dismissed for failure to state a claim upon which relief can be granted because Mr. Carroll cannot seek release from a criminal sentence via a civil rights action. Pelletier v. Rhode Island, C.A. No. 07-186 S, 2008 WL 2977790, at *2 (D.R.I., July 18, 2008)("Although a federal district court has the inherent authority to release a state prisoner on bail pending the application for a writ of habeas corpus in which the prisoner is seeking to overturn his conviction or sentence, *see, e.g., Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972), in such cases, the court's ultimate power to release the prisoner as a final disposition of the action includes the lesser authority to release the prisoner pending the final outcome of the case. *See Baker v. Sard*, 420 F.2d 1342 (D.C.Cir. 1969). However, unlike in a habeas corpus action, a court may not order a prisoner's immediate or speedier release into the community in a § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *see, also, Preiser v. Rodriguez*, 411 U.S. 475 (1973)."), *report and recommendation adopted by*, 2008 WL 3887623 (D.R.I. Aug. 21, 2008).

In the alternative, the two judicial defendants, i.e., Judge Manning and former District Magistrate Moira Harrington, are entitled to absolute judicial immunity. See Forrester v. White, 484 U.S. 219, 227 (1988)(a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive").

To the extent that this filing is properly construed as a petition for habeas corpus, seeking an order from this court releasing Petitioner on bail pending his appeal of his 2005 conviction, the petition should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254

petitions and/or pursuant to this court's inherent authority to control its own dockets.[4]

The petition constitutes an abuse of the writ, given that Petitioner has filed many habeas petitions previously,[5] wherein he could have but did not raise the issue of seeking to be released on bail pending his appeal to the Superior Court. The Court takes judicial notice of the fact that Petitioner's appeal to the Superior Court from the denial of his post sentence motions was filed on October 9, 2007. Cf. Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005)(holding that a habeas petitioner who filed a first habeas petition, challenging his conviction, which was denied and thereafter, filed a second habeas petition, challenging a parole denial where the claims concerning the parole denial were available to him prior to his filing the first habeas petition, the second habeas petition had to be dismissed as violating AEDPA's bar on second or successive petitions). The Benchoff opinion based its reasoning on the fact that one must bring all of one's claims which are available at that time in one habeas petition, regardless of whether a habeas petitioner challenges the conviction or the administration of the sentence. See id., at 818-819 ("every Court of Appeals to have addressed the question has required a petitioner to raise claims relating to his or her underlying conviction in the same petition as available claims dealing with the administration of the sentence and has found a petitioner's failure to do so to be an abuse of the writ."). We note that since the date Petitioner filed his notice of appeal, Petitioner has filed at

---

[4] Chambers v. NASCO, Inc., 501 U.S. 32, 46-7 (1991)(Court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000)("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings.").

[5] See, e.g., Carroll v. Court of Common Pleas, No. 07-1707 (W.D. Pa. Filed 12/14/07) (petition for mandamus attacking same conviction as being attacked herein); Carroll v. Court of Common Pleas, No. 07-11661 (W.D. Pa. Filed 11/30/07 petition for habeas corpus and case was consolidated with No. 07-1660, which was ostensibly a petition for mandamus).

least one petition, i.e., Carroll v. Manning, No. 07-1660 (W.D. Pa. 11/27/07), which although was styled as a motion for mandamus was treated as a petition for writ of habeas corpus and was dismissed for failure to exhaust, and in that case, he filed therein a motion for release on bail pending appeal, id., at Dkt. 8, which was denied albeit without explanation.

In the alternative, the Court recommends dismissal of the instant habeas petition for Petitioner's failure to demonstrate that he exhausted his state court remedies. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993)(it is the Petitioner's burden to prove that he has met the exhaustion requirement). Petitioner utterly fails to allege or demonstrate that he exhausted his state court remedies.

In the alternative, even if Petitioner could demonstrate that he presented to the State Courts this claim for release on bail pending appeal, he has not demonstrated, as is his burden, that he would be entitled to relief here because he has not demonstrated, let alone alleged, that the State Courts' disposition of his request for bail pending appeal is contrary to or an unreasonable application of Supreme Court precedent.

To the best of this Court's knowledge, the Supreme Court of the United States has never held that the Eighth Amendment prohibition on excessive bail applies to the States via the incorporation doctrine of the Fourteenth Amendment's substantive due process clause. Hence, the State Courts' decisions (to the extent that they did so) to not grant Petitioner bail pending his appeal, cannot, as a matter of logic, be said to be contrary to Supreme Court precedent. If the United States Supreme Court has never held that the Eighth Amendment bail provision applies to the States then whatever the decision of the State Courts with respect to bail cannot be contrary

5

to the United States Supreme Court's silence on this matter.⁶  The Court presumes that it remains open to Petitioner to show that the State Courts' decision not to bail him pending appeal was an unreasonable application of Supreme Court precedent.  But see Dobynes v. Hubbard, 81 Fed.Appx. 188, 189 (9ᵗʰ Cir. 2003) ("Decisions of the Supreme Court are the *only* ones that can form the basis justifying habeas relief; 'lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar.'")(quoting, Williams v. Taylor, 529 U.S. 362, 381 (2000)).    However, if the Supreme Court has failed to hold that the Eighth Amendment right to bail applies to the States, it is conceptually difficult to see how the State Courts' actions with respect to Petitioner's bail could be said to be an unreasonable application of Supreme Court precedent.

Nevertheless, assuming that Petitioner could merit habeas relief by showing that the State Court's adjudication of his bail request constituted an unreasonable application of then extant federal Supreme Court precedent, Petitioner nonetheless loses, as he has utterly failed to show that the State Courts' adjudication of his claim was, in fact, unreasonable.

Petitioner fails to cite a single Supreme Court case that would render denial of bail to him pending his appeal unreasonable as the decision to grant or deny or set bail by a State Court is reviewed in a federal habeas case under a highly deferential standard of abuse of discretion or of constitutional arbitrariness.  See, e.g, United States ex rel. Garcia v. O'Grady, 812 F.2d 347, 3527 (7ᵗʰ Cir. 1997)("In determining whether the bail is 'reasonably calculated,' the federal courts cannot be expected to conduct a de novo bond hearing for every habeas corpus case that

---

⁶ But see  Sistrunk v. Lyons, 646 F.2d 64 (3d Cir. 1981)(holding that the Eighth Amendment bail clause applies to the States through the doctrine of incorporation).

comes before it. This would not only further burden the federal court system that now is having difficulty dealing with the increasing number of habeas corpus petitions, but would also represent an unwarranted interference in the operation of the state's criminal justice system.' . . . We also stated in *Fitzgerald* that 'the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail.'"); Nowaczyk v. New Hampshire, 882 F.Supp. 18, 21 (D.N.H. 1995)("A federal court is also not empowered to 'substitute its opinion as to what an appropriate amount of bail should be.' *United States ex rel. Garcia*, 812 F.2d at 355. Instead, 'the only issue [a federal court may consider] ... is whether the state judge has acted arbitrarily' in setting petitioner's bail. *Id*.").

Accordingly, as Petitioner has failed to show that the State Courts' disposition of his claims was contrary to or an unreasonable application of extant Supreme Court precedent, relief should be denied.

Even if this court were to engage in *de novo* consideration of Petitioner's bail request, we would still recommend pre-service dismissal of the petition. The burden upon Petitioner in order to be entitled to relief on his claim is as follows:

> Moreover, bail after conviction is not constitutionally guaranteed. *See Finetti v. Harris*, 609 F.2d 594, 597 (2d Cir.1979) ("there is no absolute federal constitutional right to bail pending appeal after a conviction in the state courts") (cited with approval in *Landano v. Rafferty*, 970 F.2d 1230, 1240 (3d Cir. 1992) (dicta) and *Marks v. Zelinski*, 604 F.Supp. 1211, 1213 (D.N.J. 1985)). *See also Young v. Hubbard*, 673 F.2d 132 (5th Cir. 1982). Nevertheless, "once a state makes provision for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably." *Finetti*, 609 F.2d at 599.
> In reviewing state court proceedings denying bail, "considerations of federal-state comity require that federal courts ... must presume regularity on the part of the state courts and ... denial of bail without a statement of reasons is not arbitrary per se." *Id*. Instead, "the defendant bears the burden of showing that there is no rational basis in the record for the denial of bail ." *Id*. at 601.

Burr v. Sherrer, No. Civ. 05-3894, 2005 WL 2007026, at *3 - *4 (D.N.J. Aug. 22, 2005); Levin v. Hall, 946 F.Supp. 368, 368 (E.D.Pa. 1996)("In order to demonstrate such an arbitrary or unreasonable deprivation, petitioner must demonstrate that no rational basis can be found in the record for the denial of bail pending appeal, and he has not met this burden.").

Petitioner, a twice convicted felon, facing a lengthy sentence for the 2005 conviction, simply fails to demonstrate that denial of bail to him pending his appeal has no rational basis. Accordingly, the petition should be dismissed prior to service, for any or all of the foregoing reasons.

To the extent one would be required, i.e., to the extent that this case is properly considered a habeas petition, a certificate of appealability should be denied insofar as Petitioner has not met his burden to show entitlement thereto.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
United States Magistrate Judge

Dated: 16 October, 2008

cc: Hon. Arthur J. Schwab
United States District Judge

Wesley Carroll -GE-8666
SCI Waymart
P.O. Box 256
Waymart, PA 18472